<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

MELFI GARCIA VIRULA,

        *Petitioner*,

        v.

TODD BLANCHE, *et al.*,

        *Respondents*.

Civil Action No. 26-7902

**ORDER**

July 17, 2026

**SEMPER,** District Judge.

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner Melfi Garcia Virula ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his immigration detention without bond (ECF No. 1); and

**WHEREAS** Petitioner is a twenty-six-year-old native and citizen of Guatemala who is currently detained at the Delaney Hall Detention Center in Newark, New Jersey (*id.* ¶ 1, 12); and

**WHEREAS** Petitioner entered the United States without inspection through the United States-Mexico border in or about May 2019 and was apprehended by immigration authorities upon his arrival (*id.* ¶ 13); and

**WHEREAS**, following his apprehension in 2019, Petitioner was detained and placed into removal proceedings before the Immigration Court, and he was thereafter released from immigration custody pending the resolution of those proceedings (*id.* ¶¶ 15, 21); and

**WHEREAS** Petitioner alleges his removal proceedings remain pending before the Newark Immigration Court, and his next Master Calendar Hearing is scheduled for December 15, 2026, at

9:30 a.m., before Immigration Judge Leila Mulligan (*id.* ¶ 14); and

**WHEREAS** Petitioner represents that, since his release from immigration custody in 2019, he has complied with the requirements imposed by the Department of Homeland Security and the Immigration Court, including appearing at scheduled immigration hearings (*id.* ¶ 15); and

**WHEREAS** Petitioner alleges he has established community ties in Trenton, New Jersey, where he has established a stable residence (*id.* ¶ 16); and

**WHEREAS** Petitioner represents that he has no criminal record or criminal convictions (*id.* ¶ 20); and

**WHEREAS**, on or about June 26, 2026, Immigration and Customs Enforcement ("ICE") detained Petitioner, and Petitioner was thereafter transferred to the Delaney Hall Detention Center, where he remains detained (*id.* ¶¶ 21–22); and

**WHEREAS** Respondents filed a Response to the Petition on July 8, 2026, which argues that Petitioner is detained pursuant to the mandatory detention provision of 8 U.S.C. § 1225(b)(1)(B)(ii) because he was apprehended near the border, placed in expedited removal proceedings, and received a positive credible fear determination, thereby requiring detention throughout the pendency of his removal proceedings (ECF No. 5 at 2–4); and

**WHEREAS**, Respondents argue that although Petitioner was released on an order of recognizance following his expedited removal order, his subsequent placement into removal proceedings under 8 U.S.C. § 1229(a) after a positive credible fear determination did not alter his statutory detention authority, which they maintain remains governed by § 1225(b)(1) rather than § 1226(a) (*id.*); and

**WHEREAS** Respondents further assert that, because detention under § 1225(b)(1) is mandatory unless parole is granted, Petitioner is not entitled to a bond hearing before an

2

Immigration Judge (*id.* at 3); and

**WHEREAS** Respondents have not alleged that Petitioner poses a danger to the community or risk of flight (*see* ECF No. 5); and

**WHEREAS** the Court has reviewed the Petition (ECF No. 1),the Response (ECF No. 5), and the Reply (ECF No. 6), and resolves the matter on the controlling statutory framework; and

**WHEREAS** Petitioner is being unlawfully detained under 8 U.S.C. § 1225.  However, as set forth in this Court's recent decision in *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397 (D.N.J. 2025), Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS** the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date.  *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. Nov. 18, 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); and

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions." *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained[.]" (*Id.* at 366.)  The Court declines

3

to allow *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g.*, *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 782 (E.D. Mich. 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning."); therefore

**IT IS,** on this 17th day of July 2026,

**ORDERED** that Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner within 24 hours of this Order, under the same conditions that existed prior to his detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that Respondents are **ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction

4

over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

ORDERED that the Clerk of the Court shall CLOSE this case.

/s/ Jamel K. Semper
HON. JAMEL K. SEMPER
United States District Judge

5